1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

8

9

10

11

12

13

14

15

| | |
|---|---|
| PHARILYN CHHANG, | Case No.  1:23-cv-01335-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO FILE SECOND AMENDED COMPLAINT AND VACATING OCTOBER 2, 2024 HEARING |
| v. | |
| WEST COAST USA PROPERTIES LLC, et al., | (ECF Nos. 62, 63) |
| Defendants. | FIVE DAY DEADLINE |

16

17    Currently before the Court is Pharilyn Chhang's ("Plaintiff") motion for leave to file a

18  second amended complaint.  The Court, having reviewed the record, finds this matter suitable for

19  decision without oral argument.  See Local Rule 230(g).  Accordingly, the previously scheduled

20  hearing set on October 2, 2024, will be vacated and the parties will not be required to appear at

21  that time.

22                                                                **I.**

23                                                    **BACKGROUND**

24    On September 7, 2023, Plaintiff filed this action against West Coast USA Properties

25  LLC, Sergio Madrigal, and the Housing Authority of the City of Madera alleging violations of

26  the Federal Fair Housing Act, the Civil Rights Act of 1871, and claims under state law.  (ECF

27  No. 1.)  Defendant Housing Authority of the City of Madera filed a motion to dismiss after

28  which Plaintiff filed a first amended complaint on January 21, 2024.  (ECF Nos. 17-19, 24.)

1

1    Defendant Housing Authority of the City of Madera filed a second motion to dismiss

2  which was granted on May 3, 2024, and Defendant Housing Authority of the City of Madera was

3  dismissed with prejudice.  (ECF Nos. 32, 47.)  On May 17, 2024, Plaintiff filed a motion for

4  reconsideration of the order granting Defendant Housing Authority of the City of Madera's

5  motion to dismiss which was denied on July 9, 2024.  (ECF Nos. 49, 56.)

6    On July 9, 2024, the scheduling order issued in this action setting dates, including a

7  deadline to amend the complaint of July 22, 2024.  (ECF No. 57.)  On July 22, 2024, Plaintiff

8  filed a motion to continue the deadline to amend the pleadings.  (ECF No. 58.)  On July 23,

9  2024, Defendants West Coast USA Properties LLC and Madrigal (hereafter "Defendants") filed

10  a statement of non-opposition and the motion was granted on July 24, 2024, with the deadline to

11  amend the complaint being extended to August 21, 2024.  (EF Nos. 60, 61.)

12    On August 21, 2024, Plaintiff filed a motion to amend the complaint.  (ECF No. 62.)  On

13  September 5, 2024, Defendants filed a notice of non-opposition to Plaintiff's motion for leave to

14  amend the complaint.  (ECF No. 63.)

## II.

## DISCUSSION

17    Plaintiff moves for leave to file a second amended complaint to allege claims against an

18  additional party in this action, the insurance broker for Defendant West Coast USA Properties

19  LLC.  Defendants do not oppose the motion.

20    Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely

21  given when justice so requires.  Fed. R. Civ. P. 15(a)(2).  In determining whether to grant leave

22  to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the

23  opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended

24  his complaint."  Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004); accord Madeja v.

25  Olympic Packers, LLC., 310 F.3d 628, 636 (9th Cir. 2002).  The factors are not given equal

26  weight and futility alone is sufficient to justify the denial of a motion to amend.  Washington v.

27  Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25,

28  2015).  "[I]t is the consideration of prejudice to the opposing party that carries the greatest

1   weight." <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).  "Absent

2   prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption

3   under Rule 15(a) in favor of granting leave to amend."  <u>Eminence Capital, LLC</u>, 316 F.3d at

4   1052.

5          Here, the Court finds that the motion to amend is not made in bad faith.  Rather, while

6   Plaintiff has previously filed an amended complaint, Plaintiff discovered the identity of the

7   person with knowledge of the insurance policy on July 27, 2024, and received the documents

8   related to Defendants' insurance policy.  (Decl. of Christopher Brancart ¶ 4, ECF No. 62-2.)

9   There has been no undue delay, and the motion was filed on August 21, 2024, within the

10   deadline to file an amended complaint.  Defendants have filed a statement of non-opposition

11   which effectively provides Plaintiff with written consent to file their amended complaint.[1]

12   Further, by not opposing the motion for leave to amend, Defendants have conceded that they will

13   not be prejudiced by the granting of the motion.  Therefore, the Court will grant Plaintiff's

14   motion for leave to file a second amended complaint.

15          Accordingly, IT IS HEREBY ORDERED that:

16   1.         Plaintiff's motion for leave to file second amended complaint, filed August 21,

17              2024, is GRANTED;

18   2.         Plaintiff shall file a second amended complaint within **five (5) days** of the date of

19              entry of this order; and

20   3.         The hearing set for October 2, 2024, is VACATED.

21

22   IT IS SO ORDERED.

23   Dated:   **September 11, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

24

25

26

27   _____

[1] The Court strongly encourages the parties to file stipulations signed by all parties who have appeared and are affected when requests are unopposed.  L.R. 144(a).

28