# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>            Plaintiff,<br><br>    v.<br><br>WEST COAST USA PROPERTIES LLC, et al.,<br><br>            Defendants. | Case No. 1:23-cv-01335-SAB<br><br>ORDER REQUIRING THE PARTIES TO MEET AND CONFER IN GOOD FAITH RE PLAINTIFF'S MOTION TO COMPEL AND FILE STATUS REPORT<br><br>(ECF Nos. 93, 100, 101, 102)<br><br>**DEADLINE: AUGUST 15, 2025 <u>at 5:00 p.m.</u>** |

On May 27, 2025, Plaintiff filed a motion to compel Defendant Dibuduo & Defendis LLC ("D&D") to provide further responses to Plaintiff's first set of interrogatories and request for production of documents, both of which were served on March 21, 2025. (ECF No. 93.) The hearing was originally set for June 25, 2025.

<u>After</u> Plaintiff filed her notice of motion to compel, the parties met and conferred by videoconference on May 30, 2025. (ECF No. 100 at 11.) This conference was productive, as both parties agreed to compromises which ultimately yielded a resolution of all issues related to Plaintiff's request for production of documents and D&D's amendment of three interrogatories.

On June 9, 2025, the Court granted Plaintiff's request to continue the hearing to July 9, 2025. (ECF No. 95.) Therein, the Court reminded the parties of the undersigned's informal discovery dispute procedures to resolve disputes outside the formal Local Rule 251 procedures.

On June 25, 2025, the Court granted Plaintiff's request to continue the hearing to July 30,

1    2025. (ECF No. 97.) Plaintiff proffered she needed additional time to review D&D's recently
2    served amended interrogatories. The Court again reminded the parties of the undersigned's
3    informal discovery dispute procedure.

4    On July 17, 2025, the Court entered the parties' stipulation to continue the hearing to
5    August 20, 2025. (ECF No. 99.) In their stipulated request, the parties proffered that the
6    extension was necessary "to provide additional time to meet-and-confer to try to resolve the
7    disputed discovery issues and/complete the preparation of a Joint Statement regarding Discovery
8    Disagreement under Local Rule 251." (ECF No. 98.) The Court reminded the parties that their
9    joint statement was now due on August 6, 2025.

10   On August 6, 2025, the parties filed a 103-page joint statement regarding a disagreement
11   related to 16 interrogatories. (ECF No. 100.) The same day, D&D filed a 285-page declaration
12   by counsel, supported by exhibits. (ECF No. 101.) Counsel for Plaintiff also filed a separate 50-
13   page declaration, supported by exhibits. (ECF No. 102.)

14   Upon a cursory review of the aggregate 400-plus pages provided by the parties, the Court
15   notes Defendant's repeated threshold argument that the motion should be denied because
16   Plaintiff failed to engage in any meaningful good faith meet and confer efforts prior to filing the
17   notice of the motion on May 27, 2025. (ECF No. 100 at 16.) D&D contends it "has been
18   disadvantaged throughout the entire 'meet-and-confer' process from the outset because Plaintiff
19   not once offered to explain in any meaningful way how the objections were improper beyond
20   Plaintiff's counsel stating that she 'disagreed' with D&D's positions." (Id.)

21   The Court has briefly reviewed each counsel's declaration. Counsel for D&D states he
22   received a 52-page draft joint statement from counsel for Plaintiff on July 25, 2025. (Decl. Mark
23   D. Szyntar at ¶ 13.) Counsel for Plaintiff purportedly requested that counsel for D&D's "have
24   [D&D's] portions [of the joint statement] completed and sent back" by July 31, 2025, so counsel
25   could file the "joint" statement prior to personal leave. (Id.) Counsel for D&D informed counsel
26   for Plaintiff that he would do his best to have it completed by August 1, 2025. (Id.) Counsel for
27   Plaintiff, whose declaration is dated July 30, 2025, does not dispute Counsel for D&D's
28   contentions related to meet and confer efforts.

1    The Court finds the parties—and the Court—would benefit from good faith meet and
2 confer efforts to resolve and/or streamline the differences that are the subject of the motion. The
3 parties have not properly met and conferred following D&D's June 2025 amended
4 interrogatories responses despite two continuances being granted to specifically allow the parties
5 to review the interrogatories and "meet-and-confer to try to resolve the disputed discovery
6 issues." (ECF No. 98.)  Thus, preliminarily ordering that the parties conduct a <u>thorough</u> and
7 <u>good faith</u> meet and confer conference prior to the August 20, 2025 hearing would resolve
8 Defendant's threshold contention in the joint statement that the motion should be denied outright
9 for Plaintiff's failure to meet and confer in good faith prior to filing the instant motion. (<u>See</u>
10 ECF No. 100.) D&D's response to <u>every</u> interrogatory in the joint statement specifically states
11 that Plaintiff "never provided any written list of stated reasons, contentions, or countering legal
12 authority explaining why any objections in D&D's responses are potentially invalid." (ECF No.
13 100 at 34.)  Plaintiff has now provided over fifty pages of written explanation in the parties'
14 "joint" statement.  Given the parties have not met and conferred since the statement was
15 provided, it seems possible (if not likely) that some of the issues raised in the instant motion
16 could be resolved by <u>thorough review</u> of each parties' contentions followed by good faith
17 discussion of the issues.  Proper meet and confer efforts would also likely resolve D&D's
18 contention in response to <u>every</u> interrogatory that the requested information was answered in
19 D&D's Amended Response to Interrogatory No. 4.

20    The parties' discovery dispute currently spans over 400 pages and cites over fifty cases.
21 The parties implicitly agree that they have not physically talked about Plaintiff's detailed issues
22 with D&D's responses nor D&D's recently amended interrogatories. Accordingly, the Court
23 expects that the parties' upcoming meet and confer conference shall last the same amount of time
24 as their productive May 30, 2025 conference, if not more. (ECF No. 100 at 11 (noting counsel
25 conferred by video for nearly one hour to discuss D&D's initial responses).) This Court requires
26 "that the parties physically talk to each other before the hearing about the discovery dispute. This
27 requirement can be accomplished in person, or through videoconferencing." SAB-Chambers
28 Information (November 2023). If the parties are unable to meet in person, they may meet via

videoconference with cameras and microphones on.

Accordingly, IT IS HEREBY ORDERED that the parties meet and confer in person or videoconference (but not via telephone or email) **prior to August 15, 2025**. The parties SHALL file a streamlined joint status report informing the Court which issues have been resolved and which issues remain outstanding no later than **5:00 p.m. on August 15, 2025**.

IT IS SO ORDERED.

Dated:   **August 8, 2025**

STANLEY A. BOONE
United States Magistrate Judge

4