# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG, <br><br> Plaintiff, <br><br> v. <br><br> WEST COAST USA PROPERTIES LLC, et al., <br><br> Defendants. | Case No. 1:23-cv-01335-SAB <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DEFENDANT DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC TO PROVIDE RESPONSES TO INTERROGATORY NOS. 18 AND 19 <br><br> (ECF Nos. 93, 100, 104) <br><br> **SEVEN-DAY DEADLINE** |

On May 27, 2025, Plaintiff filed a motion to compel Defendant Dibuduo & Defendis LLC ("D&D") to provide further responses to Plaintiff's first set of interrogatories and request for production of documents, both of which were served on March 21, 2025. (ECF No. 93.) Following successful meet and confer efforts, the parties reduced their dispute to only two interrogatories. (ECF No. 104.)

The Court held a hearing on the matter on August 20, 2025. (ECF No. 106.) Counsel Liza Cristol-Deman and Baldwin Moy appeared via video on behalf of Plaintiff Pharilyn Chhang and counsel Mark Szyntar appeared via video on behalf of D&D. No one appeared on behalf of Defendants West Coast USA Properties LLC or Sergio Madrigal.

At the hearing, the Court advised the parties of its tentative ruling from the standpoint of dispute resolution. Because the parties appeared amendable to the middle ground crafted by the

1 Court, the Court ordered that the parties file a stipulation memorializing the agreement.
2 However, the parties were directed to notify the Court if the parties could not agree to a
3 stipulation by August 22, 2025, without adverse substantive consequences.  However, in that
4 case, the Court advised the parties it would issue a ruling to the issues as presented in the
5 pending motion.

6 On August 21, 2025, counsel for Defendant notified the Court that the parties could not
7 agree to stipulate to the informal resolution discussed at the hearing and thus requested that the
8 Court issue an order on Plaintiff's motion to compel.  For the following reasons, the Court
9 GRANTS Plaintiff's motion to compel, subject to the below modifications.

**A.  Interrogatory No. 18**

INTERROGATORY NO. 18: "Please state D&D's worth as of last January 1, listing all assets and liabilities valued at $5,000 or more."  (ECF No. 101 at 48.)

D&D'S RESPONSE:

1. Based on the foregoing, Responding Party objects to this interrogatory on the ground that it impermissibly exceeds the presumptive 25-interrogaotry [*sic*] limit. See Ritchie Risk-Linked Strategies Trading, LTD v. Coventry First, LLC, 273 F.R.D. 367, 369 (S.D. N.Y. 2010).

2. Responding Party further objects to this interrogatory on the grounds that it calls for Responding Party's financial condition which is not permitted under the rules as such matters are not relevant and cannot lead to the discovery of admissible evidence. Oriental Commercial & Shipping Co., Ltd. V. Rosseel, N.V., 125 F.R.D. 398, 401 (S.D. N.Y. 1989). Moreover, the operative complaints [*sic*] fails to allege any facts demonstrating the possibility that punitive damages will be at issue. CEH, Inc. v. FV Seafarer, 148 F.R.D. 469, 472-473 (D.R.I. 1993). (ECF No. 101 at 48.)

Analysis

At the hearing, the Court expressed its concerns as to the vagueness and ambiguity of the term "worth." Plaintiff's counsel represented that the omission of the term "net worth" was inadvertent.  Subject to that modification, the Court GRANTS Plaintiff's motion to compel as to Interrogatory No. 18 and overrules Defendant's objections.

1   Given the parties' meet and confer efforts as reflected in the August 15, 2025 joint status
2 report, the Court finds D&D's objection that Interrogatory No. 18 impermissibly exceeds the
3 limit has been waived.

4   Defendant's relevancy objection is unavailing. Plaintiff plainly alleges D&D violated the
5 Fair Housing Act.  (ECF No 65.)  The Fair Housing Act permits the recovery of punitive
6 damages. 42 U.S.C § 3613(c)(1) ("if the court finds that a discriminatory housing practice has
7 occurred or is about to occur, the court may award to the plaintiff actual and punitive
8 damages.").  The operative complaint expressly alleges that "*[e]ach defendant* acted – or
9 knowingly ratified or condoned actions – that recklessly disregarded or reflected deliberate
10 indifference to Chhang's rights. Accordingly, Chhang is entitled to punitive damages."  (ECF
11 No. 65 at ¶ 40 (emphasis added).)  The prayer for relief also prays, in pertinent part, for entry of
12 judgment "[t]hat awards punitive damages to plaintiff, according to proof."  (ECF No. 65 at 19.)
13 Plaintiff is not required to make a prima facie showing that punitive damages may be recovered
14 to discover information relating to the defendant's financial condition in advance of trial.
15 Salisbury v. Hickman, No. 1:12-CV-01098-LJO, 2013 WL 4402789, at *4 (E.D. Cal. Aug. 14,
16 2013) (finding a nearly identical interrogatory to be relevant to Plaintiff's claim for punitive
17 damages) (citations and quotations omitted).  The Court finds punitive damages against D&D are
18 alleged in the complaint and the requested financial information in Interrogatory No. 18 to be
19 within the scope of permissible discovery.

20   As noted at the August 20, 2025 hearing, the Court also finds D&D's objection to
21 Interrogatory No. 18 that "Plaintiff's complaint fails to allege any facts demonstrating the
22 possibility that punitive damages will be at issue" to be misplaced.  (ECF No. 100 at 95.)  Any
23 contention of pleading deficiencies related to Plaintiff's request for punitive damages should
24 have been raised in a proper motion.  Defendant argued at the August 20, 2025 hearing that it
25 attempted to address the issue in a motion to dismiss.  The Court disagrees.  No request to strike
26 punitive damages or otherwise challenge the sufficiency of the supporting allegations were made
27 in Defendant's motion to dismiss.  In fact, "punitive damages" were never mentioned in
28 Defendant's briefing in support of its motion to dismiss. (See ECF Nos. 72, 79). Further, as the

1  Court noted in its February 11, 2025 order, Defendant's motion failed "to address or even cite
2  any of the FHA provisions or HUD regulations alleged by Plaintiff in the SAC" or "specifically
3  challenge whether Plaintiff has stated cognizable claims under 42 U.S.C. § 3604(a), 42 U.S.C. §
4  3604(c), and/or 42 U.S.C. § 3617. Nor does D&D argue whether it, as an insurance broker, can
5  perform the actions proscribed by 24 C.F.R. § 100.70(d)(4), as alleged by Plaintiff in the SAC."
6  (ECF No. 88 at 7.)  The Court ultimately denied D&D's motion, finding its primary "contention
7  that it had no knowledge of either Plaintiff's disability or requests for a reasonable
8  accommodation [to be] a factual challenge that cannot be considered by the Court on a motion to
9  dismiss." (Id. at 10.)  No challenge to the sufficiency of Plaintiff's punitive damages allegations
10  against Defendant was raised.

11  Accordingly, the Court OVERRULES Defendant's objections to Interrogatory No. 18.
12  As such, within **seven (7) days from the date of entry of this order** Defendant SHALL provide
13  a response to Interrogatory No. 18, as modified by Plaintiff at the August 20, 2025 hearing:
14  "Please state D&D's net worth as of last January 1, listing all assets and liabilities valued at
15  $5,000 or more."

16  **B.    Interrogatory No. 19**

17  INTERROGATORY NO. 19: "Please identify by name, job title, employer, and nature of
18  service, each person who provided bookkeeping, accounting, or tax preparation services to D&D
19  since January 1, 2023."  (ECF No. 101 at 49.)

20  D&D'S RESPONSE:

21  1. Based on the foregoing, Responding Party objects to this interrogatory on the ground
22  that it impermissibly exceeds the presumptive 25-interrogaotry [*sic*] limit. See Ritchie Risk-
23  Linked Strategies Trading, LTD v. Coventry First, LLC, 273 F.R.D. 367, 369 (S.D. N.Y. 2010).

24  2. Responding Party further objects to this interrogatory on the grounds that it calls for
25  Responding Party's financial condition which is not permitted under the rules as such matters are
26  not relevant and cannot lead to the discovery of admissible evidence. Oriental Commercial &
27  Shipping Co.,Ltd. V. Rosseel, N.V., 125 F.R.D. 398, 401 (S.D. N.Y. 1989). Moreover, the
28  operative complaints [*sic*] fails to allege any facts demonstrating the possibility that punitive

damages will be at issue. CEH, Inc. v. FV Seafarer, 148 F.R.D. 469, 472-473 (D.R.I. 1993). (ECF No. 101 at 49.)

Analysis

For the same reasons as those provided in its analysis of Interrogatory No. 18, the Court overrules Defendant's identical objections. However, Defendant's relevancy objection is well-taken related to the requested identity of "each person who…provided tax preparation services to D&D since January 1, 2023." For the reasons stated on the record at the August 20, 2025 hearing, the Court finds the identity of individuals preparing D&D's taxes irrelevant and unnecessary for the determination of punitive damages on a net worth analysis.

Accordingly, the Court OVERRULES IN PART Defendant's objections to Interrogatory No. 19. As such, within **seven (7) days from the date of entry of this order** Defendant SHALL provide a response to Interrogatory No. 18, as modified: "Please identify by name, job title, employer, and nature of service, each person who provided bookkeeping or accounting to D&D since January 1, 2023."

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to compel D&D's responses to Interrogatory Nos. 18 and 19 is GRANTED (ECF No. 93, 100, 104), subject to the modifications identified herein.

IT IS SO ORDERED.

Dated:   **August 22, 2025**

STANLEY A. BOONE
United States Magistrate Judge