1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>          Plaintiff,<br><br>     v.<br><br>WEST COAST USA PROPOERTIES LLC, et al.,<br><br>          Defendants. | Case No. 1:23-cv-01335-SAB<br><br>ORDER RE STIPULATION TO MODIFIY PROTECTIVE ORDER<br><br>(ECF No. 108) |

On February 9, 2024, the Court issued an Order Entering Stipulated Protective Order.  (ECF No. 34.)  Defendant DiBuduo & DeFendis Insurance Brokers, LLC ("D&D") was not named as a defendant in this matter until the Court granted Plaintiff's motion to file a second amended complaint on September 11, 2024.  (ECF No. 64.)  On October 3, 2025, the parties stipulated to modify the protective order to include D&D as a bound party.  (ECF No. 108.)  For good cause shown, the modification is approved.

## **MODIFIED PROTECTIVE ORDER**

1.      Nothing in this Order modifies the requirements of and duty to comply with LR 141 governing the sealing of documents.

2.      As used in this Order, the term "CONFIDENTIAL" means and covers any material that contains nonpublic information regarding financial, medical, or personal identifying information, as defined under Fed. R. Civ. P. 5.2(a).  Materials designated "CONFIDENTIAL" shall not be redacted

unless filed, see LR 140; instead, those materials will be handled in accordance with this Order.

3.      Nothing within this Order is intended to prejudice the right of any party to object to the production of any discovery material on grounds other than the confidential nature of the responsive discovery.

4.      The producing party MUST clearly stamp each page of each document designated as confidential with the legend, "CONFIDENTIAL."  If ESI cannot be so stamped, then each folder and subfolder containing the confidential ESI must be clearly labeled "CONFIDENTIAL."  No party will be responsible to another party for disclosure of confidential material unless the material is clearly stamped or labeled as "CONFIDENTIAL."

5.      If original records are made available for inspection, then the inspecting party must identify those records that will be copied to the producing party and the producing party will have seven days to designate records as "CONFIDENTIAL."

6.      If "CONFIDENTIAL" material is disclosed in a deposition, then each side will have 14 days after receipt of the transcript to designate pages and lines as "CONFIDENTIAL."  The designation party must provide all counsel with deposition pages stamped CONFIDENTIAL and a cover sheet. Pages designated as CONFIDENTIAL will be removed from the transcript and appended at the end of the transcript with a separator sheet, labeled Confidential Testimony.

7.      Materials designated "CONFIDENTIAL" may be viewed only by counsel and their staff, court personnel, the author or recipient of the material, and by the following additional individuals, but only if each such individuals execute the "Acknowledgment and Agreement to Be Bound," attached hereto as **Exhibit A**, before they may view or retain any "CONFIDENTIAL" material:

        a.   Experts and consults retained by counsel for purposes of this action;

        b.   Outside technical, stenographic, and clerical staff engaged by counsel for purposes of this action;

        c.   The parties; and,

        d.   Witnesses in connection with the preparation of their testimony.

8.      Absent a genuine need for retention, the parties and witnesses who may view material stamped "CONFIDENTIAL" shall not be permitted to retain a copy of confidential material.

9.    "CONFIDENTIAL" materials may be used solely for purposes of litigation of this action and no others.

10.    Within eight weeks of the final closure of this action, each person receiving "CONFIDENTIAL" material will either:

    a.    destroy those materials and any copies thereof and notify the producing party their destruction; or,

    b.    return the "CONFIDENTIAL" materials and any copies thereof to the producing party. Nothing in this section bars counsel from retaining a copy of their word product even if that work product contains "CONFIDENTIAL" material.

11.    At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL."  The party objecting to confidentiality must notify, in writing via email, counsel for the designating party of the objected-to designation and the grounds for the objection.  Within seven days of transmission of that objection, the designating counsel will notify the objecting counsel in writing:

    a.    That the "CONFIDENTIAL" designation is withdrawn and a new set of material without that designation will be produced with 14 days of the objection's transmission; or,

    b.    That the "CONFIDENTIAL" designation is not withdrawn; and,

    c.    That the parties hereby stipulate that any objection to a "CONFIDENTIAL" designation may be submitted to the Court for resolution on an expedited or ex parte basis.

12.    Nothing in this Order shall restrict the presentation of evidence at trial.  If any party wants the Court modify the process for the admission of evidence at trial that has been designated as "CONFIDENTIAL," then that party must present that request to the trial court as part of the proposed pretrial order and obtain a ruling from the trial court at the pretrial conference.

13.    Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

14.    If there is any disclosure of CONFIDENTIAL material other than as permitted by this Protective Order, the Parties shall have the option of filing a motion with the Court for any and all available remedies, including monetary and/or evidentiary sanctions or contempt orders.

15.     This Order may be modified by agreement of the parties, subject to approval by the Court.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective

Order that was issued by the United States District Court for the Eastern District of California on

[Date:_____] in the case of *Cynthia Piombino  v. City of Fresno*, *et. al*.; 1:24-cv-00298-KES-

SAB. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I

understand and acknowledge that failure to so comply could expose me to sanctions and punishment in

the nature of contempt. I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the

United States District Court for the Eastern District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this

Action. I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this Action or any proceedings related

to enforcement of this Stipulated Protective Order.

Date: _____

City/State where sworn and signed: _____

Printed name: _____

Signature: _____

1

**COURT ORDER ENTERING MODIFIED STIPULATED PROTECTIVE ORDER**

2      Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED

3  that:

4      1.      The above stipulated modified protective order is ENTERED;

5      2.      The provisions of the parties' stipulation and this protective order shall remain in effect

6              until further order of the Court;

7      3.      The parties are advised that pursuant to the Local Rules of the United States District

8              Court, Eastern District of California, any documents which are to be filed under seal will

9              require a written request which complies with Local Rule 141;

10     4.      The party making a request to file documents under seal shall be required to show either

11             good cause or compelling reasons to seal the documents, depending on the type of filing,

12             Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009); Ctr. for Auto Safety

13             v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016);

14     5.      If a party's request to file Protected Material under seal is denied by the Court, then the

15             previously filed material shall be immediately accepted by the Court and become

16             information in the public record and the information will be deemed filed as of the date

17             that the request to file the Protected Information under seal was made; and

18     6.      Additionally, the parties shall consider resolving any dispute arising under the protective

19             order according to the Court's informal discovery dispute procedure.

20

21  IT IS SO ORDERED.

22  Dated:   __October 8, 2025__                    _____

23                                                  STANLEY A. BOONE
                                                    United States Magistrate Judge
24

25

26

27

28