# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>    Plaintiff,<br><br>    v.<br><br>WEST COAST USA PROPERTIES LLC, et al.,<br><br>    Defendants. | Case No. 1:23-cv-01335-SAB<br><br>ORDER RE INFORMAL DISCOVERY DISPUTE<br><br>(ECF No. 114) |

Currently before the Court is a discovery dispute involving the request for production of documents. An informal videoconference was held on October 15, 2025, to address the dispute. Counsel Liza Cristol-Deman appeared for Plaintiff, and counsel James Peel appeared for Defendant Madrigal. Defendant West Coast USA Properties, LLC ("WCUSA") was not in attendance as the dispute involved only Plaintiff and Defendant Madrigal. The Court notes this matter was conducted off the record; however, the parties were afforded an opportunity to place the matter on the record and no party requested to do so.

## I.

## RELEVANT BACKGROUND

The operative complaint in this action is the second amended complaint filed on September 16, 2024 alleging denial of a reasonable accommodation for an emotional support animal. (ECF No. 65.) Plaintiff's complaint raises five causes of action: 1) the Federal Fair

1

1  Housing Act; 2) California Fair Employment and Housing Act; 3) Wrongful Eviction; 4)
2  Invasion of Private Right to Occupancy; and 5) Breach of Duty. (Id.) Defendant Sergio
3  Madrigal and West Coast USA Properties LLC filed their answer on November 15, 2024. (ECF
4  No. 78.) On March 6, 2025, an amended scheduling order was established with deadlines of
5  non-expert and expert discovery ending October 24, 2025. (ECF No. 92.)

6      On July 14, 2025, Plaintiff requested the production of five documents from Defendant
7  Madrigal from July 1, 2022, to July 31, 2023:

8
>     RFP 30: Documents reflecting tenants who moved out, gave notice of their
>     intention to move out, or were served with a move-out notice
9
>     RFP 31: Documents reflecting vacancies
>     RFP 32: A spreadsheet or summary reflecting rent payments received
10
>     RFP 33: Security deposit records
11
>     RFP 34: Rental applications
>     RFP 35: Documents reflecting new tenancies

12  On August 14, 2025, Defendant Madrigal responded to Plaintiff's requests. Counsel met and
13  conferred on September 3, 2025, and agreed to limit the timeframe to August 1, 2022, through
14  March 1, 2023, and to limit the location of the rental units to the Fresno and Madera areas, with
15  respect to RFPs 30, 31, 33, and 35. The parties remained in dispute as to whether tenant
16  information should be redacted from the requested documents and did not reach an agreement on
17  RFPs 32 and 34.

18      On October 14, 2025, the parties filed a joint informal discovery dispute letter brief.
19  (ECF No. 114.) The Court held an informal discovery dispute on October 15, 2025, and it was
20  conducted off the record. (ECF No. 115.) The Court gave the parties the opportunity to place
21  the matter on the record at any time during the videoconference, but no party requested to do so.
22  The parties agreed to conduct this matter through the Court's informal discovery procedure.

23
## II.
24
## LEGAL STANDARD

25    Pursuant to the undersigned's procedures for informal discovery dispute resolution, the
26  parties may stipulate to allow for the resolution of discovery disputes outside of the formal Local
27  Rule 251 procedures by conducting an informal telephonic conference. Prior to conducting such
28

1  conference, the parties must agree to the informal process, agree to an entry of an order by the
2  Court after the conference, and agree to abide by such order.

3        Federal Rule of Civil Procedure 26 allows a party to obtain discovery "regarding any
4  nonprivileged matter that is relevant to any party's claim or defense and proportional to the
5  needs of the case, considering the importance of the issues at stake in the action, the amount in
6  controversy, the parties' relative access to relevant information, the parties' resources, the
7  importance of the discovery in resolving the issues, and whether the burden or expense of the
8  proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). "Information within
9  this scope of discovery need not be admissible in evidence to be discoverable." Id.

10 **III.**
11 **DISCUSSION**

12     Plaintiff contends she was retaliated against when she received a move-out notice after
13 requesting an accommodation to allow her emotional support animal to reside in her apartment.
14 The documents sought by Plaintiff pertain to whether there were vacancies in apartments owned
15 or operated by WCUSA that Defendant Madrigal's son could have moved into, rather than
16 Plaintiff's unit.

17     During depositions, Plaintiff learned that Defendant Madrigal's son ultimately did not
18 move into her unit. Yet, at this point in time, the parties are near the end of discovery. The
19 Court considers the proportionality of Plaintiff's request in light of the remaining needs of the
20 case pursuant to Rule 26 of the Federal Rule of Civil Procedure. In order to help make this
21 assessment, the Court inquired of Plaintiff at the hearing, who clarified that she does not intend
22 to depose or serve subpoenas on the individuals that might be identified in the current discovery
23 dispute. Rather, Plaintiff's primary interest would be in verifying the accuracy of the
24 information obtained during depositions.

25     The Court also notes that the documents requested by Plaintiff do not reflect a newly
26 created need and could have been sought earlier in discovery. While Plaintiff was represented by
27 different counsel at the earlier stages of litigation, the Court is mindful of the potential for a
28 "reset" when new counsel assumes representation and views the case from a different

perspective.

The Court makes these observations at the outset regarding timing and practicality to give context to its proportionality analysis. To be sure, had these requests been made at an earlier stage of the litigation, such a difference would have altered the Court's analysis.

Plaintiff's RFP 30

Plaintiff's RFP Number 30 seeks "a complete copy of each document reflecting any tenants at any rental property owned or operated by WCUSA who moved out, communicated their intent to move-out (either verbal or written), or were served with a move-out notice of any kind between July 1, 2022, and July 31, 2023." (ECF No. 114.) During the parties meet and confer efforts, the parties agreed to limit the timeframe between August 1, 2022, and March 1, 2023, and to limit the location to rental properties within the Fresno and Madera areas. (Id.) The parties remain in dispute as to whether tenant-identifying information should be redacted.

At the informal hearing held in this matter, Plaintiff proffered that move out notices would have put Defendant Madrigal on notice that a unit was or would have become available, thereby undermining any justification other than retaliation for forcing Plaintiff out of her unit. Plaintiff further asserts that disclosure of tenant names is necessary to potentially contact former tenants to verify if and when they vacated. Defendant Madrigal objected on the grounds that the request is overbroad and infringes upon the privacy rights of tenants and WCUSA. (Id.) As a compromise, Defendant offered to provide the requested documents with tenant names redacted.

The Court finds that, in balancing the proportional needs of the case under Federal Rule of Civil Procedure 26(b)(1), the disclosure of tenant information is not warranted. Plaintiff's stated interest is limited to determining whether a rental unit was vacant during the relevant time period. Considering the late stage of discovery, the privacy interests of non-party tenants, and the burden on Defendant to review and redact personal information for approximately 100 units, the Court concludes that Plaintiff may obtain the information sought through less intrusive means. Accordingly, Defendant shall produce the requested documents limited to the agreed-upon timeframe and geographic scope, with tenant names and other identifying information redacted. However, if the documents do not include such information as the unit number,

1  location and date, then tenant names must be disclosed.

2  Plaintiff's RFP 33

3  Plaintiff's RFP Number 33 seeks "a complete copy of security deposit records reflecting security deposit refunds and deductions between July 1, 2022, through July 31, 2023, for all rental property owned or operated by WCUSA." (ECF No. 114.) During the parties meet and confer efforts, the parties agreed to limit the timeframe between August 1, 2022, and March 1, 2023, and to limit the location to rental properties within the Fresno and Madera areas. (Id.) The parties remain in dispute as to whether tenant-identifying information should be redacted.

At the informal hearing held in this matter, Plaintiff stated that if a security deposit document was sent out showing a refund or charges assessed to a tenant after they have moved out, that would reflect a vacancy and availability for Defendant Madrigal's son. Plaintiff proffered that tenant information would assist in cross-verifying whether a specific apartment was vacant or otherwise available at a given time. Plaintiff further agreed that if the documents listed the rental unit and location, such information would satisfy the issue.

The Court finds that identifying tenants by name presents practical issues, such as potential name changes. The most reliable method of verification is by reference to unit and location rather than by tenant identity. Therefore, Defendant shall produce the requested documents limited to the agreed-upon timeframe and geographic scope, with tenant names and other identifying information redacted. However, if the documents do not include such information, then tenant names must be disclosed.

Plaintiff's RFP 35

Plaintiff's RFP Number 35 seeks "documents reflecting any new tenancies commenced at any rental property owned or operated by WCUSA between July 2022 and July 2023." (ECF No. 114.) During the parties meet and confer efforts, the parties agreed to limit the timeframe between August 1, 2022, and March 1, 2023, and to limit the location to rental properties within the Fresno and Madera areas. (Id.) The parties remain in dispute as to whether tenant-identifying information should be redacted.

At the informal hearing, Plaintiff proffered that documents such as lease or rental

agreement would reflect whether new tenants moved into a unit within the specified timeframe. Plaintiff asserts this would help identify whether an apartment unit was vacant for Defendant Madrigal's son to occupy. Plaintiff contends that such documents would assist in supporting her claim for retaliation.

The Court finds the request overbroad and limits the required production to leasing agreements or contracts. For the substantially same reasons as discussed above, Defendant shall produce the requested documents limited to the agreed-upon timeframe and geographic scope, with tenant names and other identifying information redacted. However, if the documents do not include such information, then tenant names must be disclosed.

Plaintiff's RFP 31

Plaintiff's RFP Number 31 seeks "all documents reflecting a vacancy at any time between July 1, 2022, and July 31, 2023, at all rental property owned or operated by WCUSA. (ECF No. 114.) During the parties meet and confer efforts, the parties agreed to limit the timeframe between August 1, 2022, and March 1, 2023, and to limit the location to rental properties within the Fresno and Madera areas. (Id.) The parties are in dispute as to whether tenant information should be redacted.

At the informal hearing held in this matter, Plaintiff stated that examples of such documents could include move out notices, security deposits records, notices of intent to vacate, cleaning invoices, or renovation records of a unit before turnover. Plaintiff further indicated that this request may overlap with other requests and was propounded out of an abundance of caution.

The Court finds that this request is overly broad. As presented, it is unclear what documents Defendant would be required to produce, or whether such documents would include tenant-identifying information. Moreover, given the overlapping nature of this request, it is uncertain what additional relevant information Plaintiff seeks that would not already be encompassed within other requests. Accordingly, Plaintiff's request is denied because it is not proportional to the needs of the case, pursuant to Rule 26(b)(1).

///

Plaintiff's RFP 34

Plaintiff's RFP No. 34 asks Defendant to "produce all rental applications received by WCUSA between July 2022 and July 2023 for any rental property owned or operated by WCUSA." (ECF No. 114.) Plaintiff asserts that the requested rental applications are relevant to determine whether certain units were vacant during the relevant period and whether those units were subsequently filled. In an effort to narrow the scope of the request, Plaintiff proposed limiting the timeframe to September 2022 through January 2023 and restricting the geographic scope to properties located in the Fresno and Madera areas. Plaintiff further agreed that third-party financial information and social security numbers included in the applications could be redacted. Defendant rejected this proposed compromise.

Defendant argued that rental applications are received on a rolling basis, not necessarily tied to specific vacancies, and that some applicants may not have an existing relationship with the landlord. Defendant further contended that reviewing and redacting applications across multiple properties would impose a significant administrative burden.

The Court is aware of the potential intrusiveness involved in disclosing names and contact information of unrelated third-party applicants, particularly where the contact would be unsolicited. In weighing the proportionality under Rule 26(b)(1), the Court finds that the utility of the rental applications is significantly diminished, especially at this late stage of discovery. Plaintiff is no longer in a position to depose third-party applicants, and there is a reasonable likelihood that these individuals would not respond to informal contact. Additionally, Plaintiff was not able to proffer Defendant's application process—whether applications are accepted only when a unit is available or on an ongoing basis. Furthermore, because Defendant operates multiple rental properties across different locations, the burden of reviewing, redacting, and producing rental applications from various sites would not be insignificant. Given the limited utility of the requested documents and the burden associated with their production, the Court declines to compel the production of rental applications. Plaintiff's request is therefore denied.

Plaintiff's RFP 32

Plaintiff's RFP Number 32 asks Defendant to "produce a spreadsheet or other summary

7

1 document reflecting the rent payments received by WCUSA between July 1, 2022, and July 31, 2 2023, for all rental property owned or operated by WCUSA." (ECF No. 114.) At the hearing, 3 Plaintiff clarified that she is specifically seeking information concerning a unit where a tenant 4 was behind on rent. Plaintiff further confirmed that tenant names and other personal identifying 5 information are not necessary and may be redacted. As discussed at the hearing, the parties have 6 agreed that Defendant Madrigal would turn over an existing summary document of rent 7 payments with personal information redacted. The Court documents the parties' agreement.

8 / / /
9 / / /
10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.
## ORDER

Plaintiff is receiving related documents that may be reviewed together. These materials, when read in conjunction, should permit Plaintiff to conduct cross-verification while minimizing privacy concerns. However, as stated above, if the documents do not include the location or rental unit number, then tenant names must be disclosed.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's request for tenant information in documents reflecting tenants who moved out, gave notice of their intention to move out, or were served with a move-out notice (RFP 30) is **GRANTED IN PART**;

2. Plaintiff's request for documents reflecting vacancies (RFP 31) is **DENIED**;

3. Plaintiff's request for a spreadsheet or summary reflecting rent payments received (RFP 32) is **GRANTED**;

4. Plaintiff's request for tenant information in security deposit records (RFP 33) is **GRANTED IN PART**;

5. Plaintiff's request for rental applications (RFP 34) is **DENIED**;

6. Plaintiff's request tenant information in documents reflecting new tenancies (RFP 35) is **GRANTED IN PART**; and

7. The non-expert discovery deadline is extended by **fourteen (14) days** for the limited purpose of producing the documents identified above.

IT IS SO ORDERED.

Dated: **October 23, 2025**

STANLEY A. BOONE
United States Magistrate Judge

9