# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST USA PROPERTIES LLC, et al.,<br><br>Defendants. | Case No. 1:23-cv-01335-SAB<br><br>ORDER RE MOTION TO WITHDRAW REQUEST FOR ADMISSIONS DEEMED ADMITTED<br><br>**JUNE 2, 2026 DEADLINE**<br><br>(ECF Nos. 164, 166, 175, 182) |

Currently before the Court is Plaintiff's objections to the pretrial order and Defendants' motion to withdraw request for admissions deemed admitted. A hearing was held on May 29, 2026. Counsel Liza Cristol-Deman appeared on behalf of Plaintiff Pharilyn Chhang, and counsel James Peel appeared on behalf of Defendants West Coast USA Properties, LLC and Sergio Madrigal. Having considered the moving and opposition papers, the declarations and exhibits attached thereto, arguments presented at the May 29, 2026 hearing, as well as the Court's file, the Court issues the following order.

## I.

## BACKGROUND

On April 23, 2026, the Court issued a pretrial order. (ECF No. 162.) On April 30, 2026, Plaintiff filed objections to that order, requesting that it be modified to include facts deemed admitted by all the parties pursuant to Federal Rule of Civil Procedure 36. (ECF No. 164.) On

May 6, 2026, Defendants filed a motion to withdraw the admissions deemed admitted.  (ECF No. 166.)  On May 15, 2026, the Court granted Defendants' motion to shorten time on which the motion could be heard.  (ECF Nos. 172, 176.)

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 36, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."  Fed. R. Civ. P. 36(a)(3).  Once admitted, a matter is conclusively established, "unless the court, on motion, permits the admission to be withdrawn or amended."  Fed. R. Civ. P. 36(b).  Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment [of an admission] [1] if it would promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."  Id.  Although Rule 36(b) is "permissive, the Advisory Committee clearly intended the two factors set forth in Rule 36(b) to be central to the analysis."  Conlon v. United States, 474 F.3d 616, 625 (9th Cir. 2007).

## III.

## DISCUSSION

At the May 29, 2026 hearing, the Court issued a tentative ruling on Defendants' motion to withdraw request for admissions deemed admitted.  The Court took the motion under submission and now issues the following order.

The Court begins with Plaintiff's objections to the pretrial order.  Plaintiff alleges that on September 24, 2025, she served her Second Set of Request for Admissions ("RFAs") on Defendants by hand delivery and email to Defendants' counsel.  (ECF No. 164, p. 2.)  Plaintiff contends that Defendants failed to serve any responses or objections within the 30-day period, or at any time thereafter.  (Id.)  Plaintiff therefore argues that the RFAs are deemed admitted pursuant to Federal Rule of Civil Procedure 36.  (Id.)  Plaintiff further maintains that amendment

to the pre-trial order would not substantially prejudice Defendants because any objections to the RFAs were within Defendants' control, whereas Plaintiff would be prejudiced if required to prove facts that have been deemed admitted.  (Id. at p. 3.)

Defendants move to withdraw the deemed admissions.  (ECF No. 166-1.)  Defendants argue that withdrawal is appropriate under Federal Rule of Civil Procedure 36(b) because it would promote resolution of the action on the merits and would not prejudice Plaintiff.  (Id. at pp. 2-4.)  Defendants allege that in the midst of Plaintiff's second demand for production of documents and motion to compel further production, the proposed responses to the RFAs were never calendared.  (Id. at p. 2.)  However, Defendants claim that they were prepared to serve responses to the RFAs within two days of being notified by Plaintiff.  (Id. at p. 5.)

In reply, Plaintiff first argues that Defendants did not indicate an intent to serve responses, but instead represented that responses had already been timely served and would be confirmed.  (ECF No. 182, p. 2.)  After receiving no further communication, Plaintiff filed her objections to the pretrial order.  (Id.)  Plaintiff contends that denying Defendants' motion would not prevent Defendants from arguing that Plaintiff's requested accommodation imposed an undue burden.  (Id. at 3; ECF No. 175, pp. 4-5.)  Plaintiff also asserts that permitting withdrawal shortly before trial would be prejudicial and that Defendants have not shown good cause for their failure to respond.  (ECF No. 175, pp. 7-8.)

The Court finds Defendants' motion well taken.  The central dispute in this action is whether Plaintiff has a disability or handicap.  The RFAs that Plaintiff seeks to deem admitted include that she had a disability within the meaning of the Fair Employment and Housing Act and had a handicap within the meaning of the Fair Housing Act.  (See ECF No. 164, p. 4.)  If these admissions are upheld, they would practically eliminate any presentation of the merits.  Accordingly, the Court finds that withdrawal of the admissions would aid in the resolution of this case.

Further, the Court is not persuaded that Plaintiff would be prejudiced in maintaining or defending this action on the merits.  Plaintiff did not include the RFAs in her motion for summary judgment, the joint pre-trial statement, or raise the issue at the pre-trial conference.  Indeed,

Plaintiff acknowledges that "[o]nly after the pretrial conference and pretrial order issued did counsel realize that [the second] set of discovery responses was missing." (ECF No. 164, p. 4.) Under these circumstances, the Court fails to see how Plaintiff would be prejudiced by the withdrawal of Defendants' deemed admissions, as there is no indication that Plaintiff relied upon those admissions.

In sum, the Court finds that both prongs under Rule 36(b) weigh in Defendants' favor. Accordingly, consistent with Rule 36, the Court will grant Defendants' motion to withdraw admissions deemed admitted. As stated at the hearing, the Court will order Defendants to serve responses to the RFAs by June 2, 2026. Defendants have waived all objections.

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1.  Defendants' motion to withdraw admissions deemed admitted (ECF No. 166) is **GRANTED**; and

2.  Defendants are **ORDERED** to respond to Plaintiff's Second Set of Request for Admissions by close of business day **June 2, 2026**. All objections have been waived.

IT IS SO ORDERED.

Dated:  __June 1, 2026__                           _____

STANLEY A. BOONE
United States Magistrate Judge