# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>            Plaintiff,<br><br>    v.<br><br>WEST COAST USA PROPERTIES LLC, et al.,<br><br>            Defendants. | Case No.  1:23-cv-01335-SAB<br><br>ORDER RE MOTIONS *IN LIMINE*<br><br>(ECF Nos. 167, 169-171) |

## I.

## INTRODUCTION

Currently before the Court are the parties' motions *in limine*, filed on May 8, 2026. (ECF Nos. 167, 169-171.)  Oppositions to the motions were filed on May 22, 2026.  (ECF Nos. 178-181.)  A hearing was held on May 29, 2026.  Counsel Liza Cristol-Deman appeared on behalf of Plaintiff, and counsel James Peel appeared on behalf of Defendants.  Having considered the moving and opposition papers, the declarations and exhibits attached thereto, arguments presented at the May 29, 2026 hearing, as well as the Court's file, the Court issues the following order.

/ / /

/ / /

1

## II.

## LEGAL STANDARD

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." United States v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984). Accordingly, "a ruling on a motion *in limine* is essentially a preliminary opinion that falls entirely within the discretion of the district court." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1070 (9th Cir. 2017).

In many instances, rulings "should be deferred until trial, so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." United States v. Pac. Gas & Elec. Co., 178 f. Supp. 3d 927, 941 (N.D. Cal. 2016). For example, in order to exclude evidence on a motion *in limine*, "the evidence must be inadmissible on all potential grounds." McConnell v. Wal-Mart Stores, Inc., 995 F.Supp.2d 1164, 1167 (D. Nev. 2014). Thus, denial of a motion *in limine* to exclude certain evidence does not mean that all evidence contemplated by the motion will be admitted, only that the court is unable to make a comprehensive ruling in advance of trial. Id. Moreover, even if a district court does rule *in limine*, the court may "change its ruling at trial because testimony may bring facts to the district court's attention that it did not anticipate at the time of its initial ruling." City of Pomona, 866 F.3d at 1070; see also Ohler v. United States, 529 U.S. 753, 758 n.3 (2000) ("*[I]n limine* rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial.").

## III.

## DISCUSSION

At the May 29, 2026 hearing, the Court issued a tentative ruling on each motion *in limine*. The Court took the motions under submission and now issues the following order.

While many of the parties' motions are well-taken, the Court cannot make many of the requested evidentiary rulings until the time in which evidence is sought to be admitted at trial

and only after which proper foundation has been laid consistent with the Federal Rules of Evidence. Therefore, at this time, the Court must deny, without prejudice, many of the requests sought to be ruled upon prior to trial. The Court feels that this approach provides for better trial presentation and flow without the constant revisiting of issues based upon proffers made in the motions *in limine*. This concept is especially true when a Court grants a motion to limine: more time is spent on revisiting than on seeking to lay a proper foundation for admission.

### A.    Plaintiff's Motions *in Limine*

#### 1.    Plaintiff's Motion *in Limine* No. 1

Plaintiff seeks to admit testimony from three of her treating medical providers: her treating physician Dr. Apai Polyudhapoom; psychiatrists Dr. Aditi Giri or Dr. Syeda Razia Haider; and therapist Alexandra Garcia. (ECF No. 171-1, p. 7.) Plaintiff represents that these witnesses will be called upon to testify about their percipient knowledge of Plaintiff's disability and to authenticate documents. (Id.) Defendants raise concerns with respect to non-retained experts and whether Plaintiff made the required disclosures under Federal Rule of Civil Procedure Rule 26(a). (ECF No. 179, pp. 1-4.)

At the hearing, Plaintiff clarified that the above-identified witnesses will testify as fact witnesses who treated Plaintiff during the relevant periods, and that Plaintiff does not intend to offer expert testimony. However, as discussed on the record, to the extent any testimony falls within the scope of expert opinion, Federal Rule of Civil Procedure 26(a)(2)(C) may apply, as these individuals were not retained as experts, nor was disclosure adequately provided under Rule 26(a)(2)(C) as to at least three of the witnesses: Dr. Aditi Giri, Dr. Syeda Razia Haider, and Alexandra Garcia. Plaintiff agreed to defer this motion so that any objections to specific testimony may be addressed at trial. However, at this time, none of these witnesses, including Dr. Apai Polyudhapoom, shall offer expert testimony within the meaning of Rule 702, *et seq.*, absent proper foundation and a ruling by the Court, if objection is made. Accordingly, Plaintiff's motion to admit testimony of Plaintiff's treating physician Dr. Apai Polyudhapoom, psychiatrist Dr. Aditi Giri or Dr. Syeda Razia Haider, and therapist Alexandra Garcia is denied insofar as it seeks to admit expert testimony, and granted as to Defendants' request to preclude

expert testimony only.

Any other objections shall be preserved by the parties.

2.        Plaintiff's Motion *in Limine* No. 2

Plaintiff's motion to preclude any reference to, argument concerning, or testimony regarding dismissed claims against Housing Authority of the City of Madera or DiBuduo & DeFendis Insurance Brokers, LLC is granted and denied in part.

The motion is granted to the extent that it seeks to preclude Defendants from making any argument, inquiry, or attempt to elicit testimony, or otherwise suggesting to the jury, that Plaintiff's claims against Defendants Housing Authority of the City of Madera and DiBuduo & DeFendis Insurance Brokers, LLC have been dismissed from this case.  The Court finds that the dismissed claims are not relevant to Plaintiff's remaining claims against Defendants.  (See ECF No. 171, p. 9.)

The motion is denied to the extent it seeks to preclude Defendants from arguing or eliciting testimony that they are not at fault because of any action or inaction by Housing Authority of the City of Madera and DiBuduo & DeFendis Insurance Brokers, LLC.  At the hearing, Plaintiff argued that Defendants should not be permitted to disclaim liability by attributing fault on some alleged misconduct or omission of others.  Plaintiff further proffered that this concern arises from Defendants' interrogatory responses, which appear to suggest an attempt to attribute fault to the Housing Authority of the City of Madera for failing to warn Defendants that their actions were inappropriate.  The Court finds that exclusion of such evidence is not warranted at this stage, as it may be relevant depending on the evidence presented at trial.  The admissibility of any such evidence will be determined at trial upon proper foundation.

3.        Plaintiff's Motion *in Limine* No. 3

Plaintiff's motion to preclude evidence and argument related to reliance on DiBuduo & DeFendis Insurance Brokers, LLC's advice as a basis for denying Plaintiff's accommodation request is denied without prejudice to being renewed at trial.  The Court declines to exclude this evidence at this stage for the reasons stated on the record.

4.    Plaintiff's Motion *in Limine* No. 4

Plaintiff's motion to preclude evidence and argument of the "undue financial burden" or "undue administrative burden" defense is denied without prejudice to being renewed at trial. The Court declines to exclude this evidence at this stage for the reasons stated on the record, in part because it may be relevant to Defendants' defense in the case.

5.    Plaintiff's Motion *in Limine* No. 5

Plaintiff's motion to preclude any argument that the "owner move-in" notice of termination was a lawful basis for eviction under California Civil Code § 1946.2 is granted. The Court previously ruled on this matter in its order for summary judgment that section 1946.2 did not apply.  (See ECF No. 156, pp. 16-17.)  The Court does not reach the issue of whether the 90-day notice of termination served on Plaintiff was unlawful.

6.    Plaintiff's Motion *in Limine* No. 6

Plaintiff's motion to preclude testimony by counsel Louie Coronado and any testimony, argument, or evidence that Defendants relied on the advice of counsel is granted. In discovery, Plaintiff propounded Interrogatory No. 6, which stated: "If Sergio Madrigal intends to rely on the advice of counsel defense, then please identify" the name of the attorney, a full and complete statement of advice, and other related information.  (See ECF No. 171-11 p. 4.)  In Defendants' supplemental response to the interrogatory, Defendants stated that "at this time, [they] do[] not intend on relying on the advice of counsel defense."  (Id. at p. 5.)  Because Defendants have disclaimed reliance on the advice of counsel, the motion is granted.

7.    Plaintiff's Motion *in Limine* No. 7

Plaintiff's motion to preclude arguments, inquiry, testimony, or other evidence premised on stereotypes regarding pit bulls, including generalized assertions of dangerousness, is granted based upon Defendants' representation that they do not intend to present such generalizations. (See ECF No. 179, p. 8.)

8.    Plaintiff's Motion *in Limine* No. 8

Plaintiff's motion to preclude Onyx's veterinary and registration records is denied without prejudice to being renewed at trial, as such records may be relevant and/or used for

impeachment purposes; this is contingent upon a proper evidentiary foundation being laid for its admission, assuming an objection.  This ruling does not constitute a determination that such records are admissible.  Again, any such determination will depend on the foundation laid and the context in which the evidence is offered at trial.

9.    Plaintiff's Motion *in Limine* No. 9

Plaintiff's motion to preclude evidence, argument, or testimony relating to Plaintiff's prior drug use and infidelity is granted, subject to reconsideration at trial, if such information is relevant or meets the impeachment rules of evidence.

10.    Plaintiff's Motion *in Limine* No. 10

Plaintiff's motion to preclude arguments or evidence that a request for an assistance animal is unreasonable "on its face" or "in the ordinary run of cases" is denied without prejudice to being renewed at trial, for the reasons stated on the record.

11.    Plaintiff's Motion *in Limine* No. 11

Plaintiff's motion to preclude Defendants' expert witness Robert Griswold (ECF No. 169) is granted and denied in part.

The motion is granted as to Griswold's opinions that Plaintiff's request for an emotional support animal was denied on "legitimate grounds," and that Defendants met the applicable standard of care in their ownership, operation, property management, and maintenance with respect to Plaintiff's request, including their reliance on counsel and insurance broker Andrew Shaffer.  (See ECF No. 169-1, pp. 9-10 ¶¶ 1-2, 6-8.)  The motion is further granted as to Griswold's opinion regarding undue hardship, the feasibility of a reasonable accommodation, and that Defendants acted reasonably by offering to temporarily allow Plaintiff to keep Onyx on the property while Plaintiff sought to relocate.  (See id. at ¶¶ 8-9.)  Finally, the motion is granted as to Griswold's opinion that allowing Plaintiff to keep Onyx on the property would have violated the insurance carrier's exclusions.  (See id. at ¶ 3.)  The Court finds that the standard of care is not relevant to the claims at issue.  Additionally, the expert does not appear to have expertise in disability accommodations consistent with the claims herein, nor does it appear that the expert reviewed the insurance policy exclusions.  Accordingly, the challenged opinions are precluded,

subject to the following exclusions.

As noted, the motion is denied as to Griswold's opinion that the property's insurance could have been non-renewed or canceled for allowing an animal on a breed-restriction list; that permitting Plaintiff to keep such an animal would expose Defendants to financial repercussion; and that a loss of insurance would have imposed a significant burden on the property's residents and occupants, subject to Defendants laying a proper foundation that the applicable insurance policy excluded the animal in question.  (See id. at ¶¶ 2-5.)

12.    Plaintiff's Motion *in Limine* No. 12

Plaintiff's motion to preclude Defendants' expert witness Kevin J. Valine (ECF No. 170) is granted.  The Court finds that Valine's opinions regarding the appropriate standard of care for a reasonably prudent insurance broker, as they relate to the email exchanges between Christina Quijano and Andrew Shaffer on October 18, 2022, and November 1, 2022, are not relevant to the claims at issue.  Although Defendants argued at the hearing that Valine opined that granting Plaintiff's accommodation would have exposed Defendants to an "uninsured exposure to risk of catastrophic proportion" (see ECF No. 170-1, p. 12), that statement appears within his broader analysis that "D&D met the standard of care for a reasonably prudent insurance broker[.]"  (See id. at pp. 9, 13.)  The Court concludes that expert testimony on this issue is unnecessary, as it would not assist the trier of fact given the irrelevance of the standard of care.

**B.    Defendants' Motions *in Limine***

1.    Defendants' Motion *in Limine* No. 1

Defendants' motion to preclude expert testimony from Alexandria Garcia, Dr. Adita Giri, and Dr. Apai Polyudhapoom is granted per the discussion above on Plaintiff's Motion *in Limine* 1.

2.    Defendants' Motion *in Limine* No. 2

Defendants' motion to preclude Plaintiff's medical records, including the Medical Certificate from Dr. Apai Polyudhapoom, Olive Tree Family Therapy, Mindpath Health Records, and Kings County Winery Medical Clinic is denied without prejudice to being renewed at trial.  For the reasons stated on the record, the admissibility of Plaintiff's medical

records will depend on the context in which such evidence is offered. Accordingly, the Court declines to exclude Plaintiff's medical records at this time.

### 3. Defendants' Motion *in Limine* No. 3

Defendants' motion to preclude Plaintiff's statements made to her teachers Rebecca Crouch and Dawn Hamschhlit regarding her symptoms is deferred until trial. Defendants argue that the professors are not experts on disability and that any testimony regarding Plaintiff's statements constitutes inadmissible hearsay. (ECF No. 167, pp. 3-4.) Plaintiff responds that the professors will testify as to their observations of Plaintiff's emotional distress. The Court finds that the admissibility of such testimony will depend on the purpose for which it is offered, including whether it is offered for a non-hearsay purpose or falls within a recognized exception, and whether it risks inviting the jury to speculate as to alternative causes of Plaintiff's alleged emotional distress. Accordingly, the Court finds it necessary to defer ruling until trial.

### 4. Defendants' Motion *in Limine* No. 4

Defendants' motion to preclude testimony from Plaintiff's health care providers Alexandria Garcia, Dr. Adita Giri, and Dr. Apai Polyudhapoom, to the extent such testimony constitutes expert opinion subject to Federal Rule of Evidence 702, is deferred until trial. It does not appear that any experts have been designated in this matter. To the extent expert testimony is offered, Defendants may challenge the veracity of reliable methods and opinions at that time. Accordingly, the Court will address any such issues if and when they arise at trial.

### 5. Defendants' Motion *in Limine* No. 5

Defendants' motion to preclude evidence of the apartment unit being rented to Defendant Madrigal's son is denied without prejudice to being renewed at trial. The parties proffer different accounts of the circumstances surrounding Plaintiff's eviction, and the relevance of the evidence may depend on the bases for Plaintiff's eviction. Accordingly, the motion is denied without prejudice.

///

///

///

8

**IV.**

**CONCLUSION AND ORDER**

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Plaintiffs' motions *in limine* are granted in part and denied in part as follows:

   a. Plaintiff's first motion *in limine* is granted and denied in part;

   b. Plaintiff's second motion *in limine* is granted and denied in part;

   c. Plaintiff's third motion *in limine* is denied without prejudice to being renewed at trial;

   d. Plaintiff's fourth motion in *limine* is denied without prejudice to being renewed at trial;

   e. Plaintiff's fifth motion in *limine* is granted;

   f. Plaintiff's sixth motion in *limine* is granted;

   g. Plaintiff's seventh motion in *limine* is granted;

   h. Plaintiff's eight motion *in limine* is denied without prejudice to being renewed at trial;

   i. Plaintiff's ninth motion *in limine* is granted;

   j. Plaintiff's tenth motion *in limine* is denied without prejudice to being renewed at trial;

   k. Plaintiff's eleventh motion *in limine* is granted and denied in part; and

   l. Plaintiff's twelfth motion *in limine* is granted.

2. Defendants' motions *in limine* are granted in part and denied in part as follows:

   a. Defendants' first motion *in limine* is granted;

   b. Defendants' second motion *in limine* is denied without prejudice to being renewed at trial;

   c. Defendants' third motion *in limine* is deferred until trial;

   d. Defendants' fourth motion *in limine* is deferred until trial; and

e.      Defendants' fifth motion *in limine* is denied without prejudice to being renewed at trial.

IT IS SO ORDERED.

Dated:   **June 2, 2026**

STANLEY A. BOONE
United States Magistrate Judge

10