# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br><br>Plaintiff,<br><br>v.<br><br>WEST COAST USA PROPERTIES LLC, et al.,<br><br>Defendants. | Case No. 1:23-cv-01335-SAB<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME FOR APPEAL UNTIL AFTER THE DISPOSITION OF DEFENDANT DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC'S MOTION FOR ATTORNEY'S FEES<br><br>(ECF No. 201) |

Pending before the Court is Plaintiff's motion for a Court order that Defendant Dibuduo & Defendis Insurance Brokers, LLC's ("D&D") timely motion for attorney's fees, made under Rule 54(d)(2), have the same effect under Federal Rule of Appellate Procedure 4(a)(4)(A)(iii) as a timely motion under Rule 59. Fed. R. Civ. P. 58(e). D&D filed an opposition, which the Court must address. D&D argues that Plaintiff's motion has not established good cause, has not demonstrated excusable neglect, and finally, Plaintiff's motion should be denied for failing to comply with the Local Rules. The Court disagrees.

Federal Rule of Appellate Procedure 4(a)(1) provides that a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). The purpose of the thirty-day deadline is "to set a definite point of time when litigation shall be at an end, unless within that time the prescribed application has been made." Melendres v. Maricopa County, 815 F.3d 645, 649 (9th Cir. 2016). The District Court may grant a party's timely request to extend the deadline to file a notice of appeal only if "that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5).

To begin with, D&D's first argument conflates good cause with excusable neglect. In

D&D's view the only way "the good cause standard applies [is] in situations where the appeal is late because of circumstances beyond the control of the appellant and appellant's counsel–where there is no fault (excusable or not) attributable to the appellant or her counsel." (ECF No. 202, p. 2.) Yet, what D&D has described is an example of excusable neglect. D&D has offered no precedent that would limit the Court's good cause analysis in the way it describes. Indeed, as D&D points out, Fed. R. App. P. 4(a)(5) provides for excusable neglect ***or*** good cause, which itself runs counter to D&D's position. Thus, this is not persuasive. See also Nutrition Distribution LLC v. IronMag Labs, LLC, 978 F.3d 1068, 1070 (9th Cir. 2020) (expressly countenancing that a motion for attorney's fees may be a basis for a district court to grant an extension to file a notice of appeal under Rule 54(d)).

Second, Plaintiff's motion is based on good cause only, so D&D's argument regarding how Plaintiff fails to meet excusable neglect is unconvincing as it is unnecessary. (ECF No. 202, p. 3.)

Third, D&D takes Plaintiff to task for not filing this motion pursuant to Local Rule 144 or 230. However, what is before the Court is an administrative determination regarding when the time begins to run for any party to file a notice of appeal in the Ninth Circuit. In other words, the Court takes Plaintiff's motion was filed pursuant to Local Rule 233, which covers motions for administrative relief. Rule 233 provides for an opposition, which D&D has filed, and "[u]nless otherwise ordered, a Motion for Administrative Relief is submitted on the day after the opposition is due for immediate action by the Court without hearing." L.R. 233(b)(c). Thus, this motion is ripe for the Court's determination.

Having dispensed with D&D's arguments, the Court finds Plaintiff was clear in her motion and provided appropriate authority for her position, as well as good cause. While D&D suggests that it can not conceive of any reason to support good cause for Plaintiff's position, the Court notes that Plaintiff directed the Court (and D&D) to the Notes of the Advisory Committee on Rules – 1993 Amendment:

> Ordinarily the pendency or post-judgment filing of a claim for attorney's fees will not affect the time for appeal from the underlying judgment. See Budinich v. Becton Dickinson & Co.,

> 486 U.S. 196 (1988). Particularly if the claim for fees involves substantial issues or is likely to be affected by the appellate decision, the district court may prefer to defer consideration of the claim for fees until after the appeal is resolved. ***However, in many cases it may be more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case.*** This revision permits, but does not require, the court to delay the finality of the judgment for appellate purposes under revised Fed. R. App. P. 4 (a) until the fee dispute is decided. To accomplish this result requires entry of an order by the district court before the time a notice of appeal becomes effective for appellate purposes. If the order is entered, the motion for attorney's fees is treated in the same manner as a timely motion under Rule 59.

Fed. R. Civ. P. 58 advisory committee's note (emphasis added).

Therefore, the Court takes Plaintiff's position to be that should the Court find for D&D on its motion for attorney's fees, Plaintiff would like to appeal that determination. In order to avoid duplicative notices of appeal, Plaintiff has moved for an extension pursuant to Rule 58(e).[1] Thus, this appears to be a standard application of Rule 58(e).[2]

Accordingly, good cause appearing, it is ORDERED that Plaintiff's motion (ECF No. 201) is hereby GRANTED. Defendant Dibuduo & Defendis Insurance Brokers, LLC's motion for attorney's fees under Rule 54 shall have the same effect as a timely motion under Rule 59 so that all parties' time to file an appeal will run from the entry of this Court's order disposing of the motion for attorney's fees.

IT IS SO ORDERED.

Dated: **August 10, 2026**

STANLEY A. BOONE
United States Magistrate Judge

[1] The Court also notes the possibility that Plaintiff may wish to appeal only the Court's determination on D&D's motion for attorney's fees (should she be an aggrieved party), and in order to clearly preserve this right, she has sought this relief.

[2] The Court observes that virtually no prejudice would befall D&D from granting this extension. Nor has D&D proffered as such to the Court in its opposition.