# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHARILYN CHHANG,<br>Plaintiff,<br>v.<br>WEST COAST USA PROPERTIES LLC, et al.,<br>Defendants. | Case No. 1:23-cv-01335-SAB<br>ORDER DENYING DEFENDANT DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC'S MOTION FOR ATTORNEYS' FEES<br>(ECF No. 198) |

## I.

## INTRODUCTION

Currently before the Court is Defendant Dibuduo & Defendis Insurance Brokers, LLC's ("D&D") motion for attorneys' fees pursuant to 42 U.S.C. § 3613(c)(2) of the Fair Housing Act and California Government Code § 12989.2 of the California Fair Employment and Housing Act. (ECF No. 198.) A hearing was held on September 2, 2026. Counsel Christopher Brancart appeared on behalf of Plaintiff, and counsel Mark Szyntar appeared on behalf of Defendant D&D. Having considered the moving and opposition papers, the declarations and exhibits attached thereto, arguments presented at the September 2, 2026 hearing, as well as the Court's file, the Court issues the following order.

/ / /

## II.

## RELEVANT BACKGROUND

On September 24, 2024, Plaintiff filed her second amended complaint against Defendants West Coast USA Properties LLC ("West Coast"), Sergio Madrigal, and D&D, alleging causes of action under the Fair Housing Act (FHA), 42 U.S.C. § 3601 et seq.; California Fair Employment and Housing Act (FEHA), Cal. Govt. Code §§ 12927, 12955 et seq.; wrongful eviction; invasion of private right to occupancy; and breach of duty. (ECF No. 65.) On October 25, 2024, D&D filed a motion to dismiss for failure to state a claim. (ECF No. 72.) The Court denied D&D's motion to dismiss on February 11, 2025. (ECF No. 88.) On October 31, 2025, Plaintiff moved for partial summary judgment on liability against D&D, Sergio Madrigal, and West Coast (ECF No. 123), and D&D and Sergio Madrigal, as well as West Coast filed cross-motions for summary judgment against Plaintiff. (ECF Nos. 121, 122.) On March 20, 2026, the Court granted D&D's motion for summary judgment, and denied Plaintiff's partial motion for summary judgment, as well as West Coast's and Sergio Madrigal's motion for summary judgment. (ECF No. 156.) On June 3, 2026, Plaintiff filed a notice of settlement informing the Court that a settlement had been reached. (ECF No. 192.) Plaintiff filed dispositional documents on July 17, 2026, and the Court directed the Clerk of Court to close the case. (ECF Nos. 196-197.)

On July 21, 2026, D&D filed the instant motion for attorneys' fees. (ECF No. 198.) On August 12, 2026, Plaintiff filed an opposition, and on August 28, 2026, D&D filed a reply. (ECF Nos. 204, 205.) The Court held a hearing on the matter on September 2, 2026. (ECF No. 206.)

## III.

## LEGAL STANDARD

The Fair Housing Act and California Fair Employment and Housing Act both allow an award of attorneys' fees to a prevailing party. 42 U.S.C. § 3613(c)(2); Cal. Govt. Code § 12989.2. A district court may award attorneys' fees to a prevailing defendant only where the action was "frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith." Christiansburg Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 421 (1978). "A case may be deemed frivolous only when the result is obvious or the arguments of error are wholly without merit." Karam v. City of Burbank, 352 F.3d 1188, 1195 (9th Cir. 2003). "In determining whether this standard has been met, a district court must assess the claim at the time the complaint was filed, and must avoid 'post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" Tutor-Saiba Corp. v. City of Hailey, 452 F.3d 1055, 1061 (9th Cir. 2006) (citation omitted). The Ninth Circuit further has recognized that "[a]ttorneys' fees in civil rights cases should only be awarded to a defendant in exceptional circumstances." Barry v. Fowler, 902 F.2d 770, 773 (9th Cir. 1990).

## III.

## DISCUSSION

Defendant D&D seeks $150,064.00 in attorneys' fees against Plaintiff for pursuing a frivolous lawsuit.[1] (ECF No. 198-1.) D&D argues that Plaintiff's claims were frivolous because they lacked any factual or legal basis for recovery from the outset of the litigation. (Id. at p. 11.) As a result, D&D claims it incurred significant attorneys' fees and costs defending the claims against it. (Id. at p. 6.) In opposition, Plaintiff argues that the Court's denial of D&D's motion to dismiss weighs against a finding that her claims were frivolous and maintains that overall the claims she brought against D&D were not frivolous. (ECF No. 204, pp. 15-19.) The Court agrees with Plaintiff.

To begin, the Ninth Circuit makes clear that there is a significant difference between bringing a case "with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." Mitchell v. Los Angeles County Superintendent of Sch., 805 F.2d 844, 847 (9th Cir. 1986). An inability to present evidence establishing a genuine issue of material fact to defeat summary judgment does not mean that a plaintiff's claims were

[1] D&D also requests for the Court to take judicial notice of the filings in this matter. (ECF No. 198-3.) The Court grants this request and will take judicial notice of the docket. See Federal Rule of Evidence 201(b); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (holding that judicial notice may be taken "of court filings and other matters of public record.").

frivolous. See Karam v. City of Burbank, 352 F.3d 1188, 1196 (9th Cir. 2003); see also Galen v. City of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007) ("los[ing] at summary judgment does not render [a] case per se frivolous[.]"). The Supreme Court has further cautioned that:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.

Christiansburg, 434 U.S. at 422.

D&D relies on out-of-circuit authority, Head v. Medford, 62 F.3d 351, 355-56 (11th Cir. 1995) to support its contention that Plaintiff's claims against it are frivolous because Plaintiff failed to produce evidence supporting her claims, as reflected in the Court's order granting D&D's motion for summary judgment. (See ECF No. 198, pp. 11-13.) The Court finds this argument, and D&D's reliance on Head, unavailing. In Head, the Eleventh Circuit remanded the case for a determination of attorneys' fees where the plaintiff asserted a constitutional claim based on a knowingly nonexistent property interest and the claim was legally groundless because the plaintiff had no cognizable constitutional right to due process or a claim for taking as an at-will employee. 62 F.3d at 356. Here, by contrast, the Court did not determine that Plaintiff's claims lacked a factual or legal basis; rather, the Court determined that Plaintiff had failed to present sufficient evidence to establish a genuine issue of material fact as to her claims. (See ECF No. 156.) Plaintiff's inability to produce sufficient evidence to support her claims does not mean that her case lacked any foundation. Karam, 352 F.3d at 1196.

The Court's denial of D&D's motion to dismiss further reinforces this distinction. In denying the motion, the Court found that Plaintiff had sufficiently stated claims against D&D for violations of the FHA and FEHA. (See ECF No. 88.) Although the denial of the motion to dismiss did not establish the merits of Plaintiff's claims, it reflects that the claims were not

devoid of a factual or legal foundation from the outset of litigation. Finding Plaintiff's claims frivolous based on the Court's subsequent grant of summary judgment would run contrary to Christiansburg's admonition against *post hoc* reasoning.

At the hearing, D&D acknowledged the difficulty of establishing frivolity and prevailing on a motion for attorneys' fees. In light of the high standard, the Court finds that D&D has not met its burden of demonstrating that Plaintiff's claims were frivolous and therefore finds that an award of attorneys' fees is not warranted.

**IV.**

**CONCLUSION AND ORDER**

For the foregoing reasons, the Court cannot find that Plaintiff's action was frivolous. Accordingly, Defendant D&D's motion for attorneys' fees (ECF No. 198) is DENIED.

IT IS SO ORDERED.

Dated: **September 24, 2026**

STANLEY A. BOONE
United States Magistrate Judge